6

Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
tkapur@pszjlaw.com

*Counsel to Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club*, LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors and Debtors in Possession.<br><br>☒ Affects All Debtors<br>☐ Affects Oroville Hospital<br>☐ Affects ProHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession<br><br>OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM, and OROVILLE HOSPITAL,<br><br>Plaintiffs,<br>v.<br><br>DOVE'S LANDING, LLC; ROBERT J. WENTZ; OROVILLE SPORTS CLUB, LLC; and ROB BONTA, as Attorney General of California (nominal defendant),<br><br>Defendants. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>Adv. Proc. No.: 26-02092<br>DCN TMK-1<br><br>Chapter 11<br><br>**MOTION OF DEFENDANTS DOVE'S LANDING, LLC, ROBERT J. WENTZ, AND OROVILLE SPORTS CLUB, LLC TO: (1) COMPEL ARBITRATION; (2) STAY DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT; AND (3) STAY THIS ADVERSARY PROCEEDING**<br><br>Date: October 20, 2026<br>Time: 11:00 a.m.<br>Crtrm.: Courtroom 32<br>501 I Street, Suite 3-200<br>Sacramento, California 95814<br>Judge: Hon. Christopher D. Jaime |

Dove's Landing, LLC ("**Dove's Landing**"), Robert J. Wentz ("**Wentz**") and Oroville Sports Club LLC ("**Sports Club**" and, together, the "**Defendants**") file this *Motion to (1) Compel Arbitration; (2) Stay Defendants' Time to Respond to the Complaint; and (3) Stay This Adversary*

*Proceeding* (the "**Motion**"), and the supporting *Memorandum of Points and Authorities*, the *Declaration of Robert J. Wentz* (the "**Wentz Decl.**"), and the exhibits in support of the Motion, with respect to the Complaint filed against them on August 4, 2026 by OroHealth Corporation: A Nonprofit Healthcare System ("**OroHealth**") and Oroville Hospital (the "**Hospital**" and, together the "**Debtors**" or "**Plaintiffs**").

Stripped of its baseless rhetoric and scurrilous and unfounded allegations, the Debtors' fourteen-count Complaint is a dispute that is governed by the arbitration provision in the leases at issue. As set forth in the Complaint itself: "This is an adversary proceeding … to recharacterize the two written lease agreements" … "between Plaintiff OroHealth Corporation and Defendant Dove's Landing, LLC" (which leases the Debtors define as the "**Initial Lease**" and the "**Renewal Lease**" and, together, the "**Lease Transactions**"). The Complaint's allegations of misconduct on the part of the Defendants with respect to the Lease Transactions are not only specious and contrary to reality but are wholly devoid of evidentiary support. The allegations are based solely on "information and belief," innuendo and rank conjecture in an attempt to rewrite history in order to fabricate claims that would otherwise be barred – not only by the facts themselves but also on statute of limitations grounds. The Defendants intend to vigorously defend against these meritless claims in the proper forum – which, as provided by both the Initial Lease and the Renewal Lease, is arbitration. Arbitration will provide an efficient, expeditious and cost-effective way for the parties to obtain a determination as to whether the claims have merit. The Defendants do not believe the claims have any merit and arbitration will preserve the resources of all parties in reaching a streamlined, comprehensive and efficacious resolution of these disputes.

The Defendants have therefore filed this Motion so that the matter may be heard and the Defendants' rights vindicated in accordance with the parties' agreed-to process and procedure. This is the proper course because, putting aside the Complaint's groundless and misleading attempts to recharacterize commercially reasonable conduct and transactions, boiled down to its essence, the relief requested by the Complaint is to hold that the two commercial leases were not leases at all; to declare the resulting instrument a mortgage; to quiet title on that theory; to impose a constructive trust as the remedy for that theory; and to compel an accounting of rent and CAM charges assessed

under those same leases. Every one of these claims requires the trier of fact to construe the Initial Lease and the Renewal Lease.

The Debtors say so themselves – describing the Complaint as "assert[ing] claims under §§ 544, 548, 549, and 550, among others, ***arising from the Lease*** among other related transactions."[1] That is not Defendants' characterization. It is Debtors'. And it maps precisely onto the operative contractual language, which commits to arbitration "any question, dispute or controversy ***arising under the provisions of this Lease Agreement***."[2]

The parties agreed how such disputes would be resolved – twice, in identical terms. Section 39 of the Renewal Lease provides that "any question, dispute or controversy arising under the provisions of this Lease Agreement, at the option of Lessor, shall be determined by arbitration," conducted under California law and the rules of the American Arbitration Association.[3] Section 41 of the Initial Lease is identical.[4] Dove's Landing, as Lessor, has exercised that option under both Leases by written election served on Debtors' counsel on August 27, 2026. In the written election, Dove's Landing has set forth its agreement to be bound by the resulting arbitration to the same extent as the Debtors. Wentz and Sports Club, non-signatories to the Leases, have also agreed to be so bound. Hospital, a Plaintiff and non-signatory to the Leases, is also appropriately bound to the arbitration provisions of the Leases upon which it brings suit.[5] Following service of the written election, by letter dated September 1, 2026, counsel for the Debtors advised that the Debtors refused to consent to arbitration.

Where a valid agreement to arbitrate exists, and the agreement encompasses the dispute at issue, an order compelling arbitration is mandatory. *See* Cal. Code Civ. Proc. § 1281.2; *Omar v. Ralphs Grocery Co.,* 118 Cal. App. 4th 955, 960-61 (2004). Under Ninth Circuit law, a bankruptcy

---

[1] *Debtors' Omnibus Reply in Support of Motion for Entry of an Order Authorizing the Assumption of Lease Agreement, Etc.* [Docket No. 1081] at 5 (emphasis added) ("**Omnibus Reply**").

[2] Renewal Lease § 39 (Complaint Ex. 5 at 12) (emphasis added). *See also* Initial Lease § 41 (Complaint Ex. 2 at 13).

[3] Renewal Lease § 39 at 12 (Compl. Ex. 5).

[4] Initial Lease § 41 at 13 (Compl. Ex. 2).

[5] A true and correct copy of the written election is attached to the exhibits filed in support of the Motion as **Exhibit B**; Wentz Decl. ¶¶ 5-7.



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

court generally lacks discretion to deny arbitration of "non-core" matters and possesses discretion to deny arbitration of a "core" matter only where it finds that arbitration would "inherently conflict" with the underlying purposes of the Bankruptcy Code. *See Continental Insurance Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011 (9th Cir. 2012).

The dependency among the fourteen Claims for Relief of the Complaint here is total:

- The declaratory and title claims ask what the Leases are.
- The fiduciary claims ask whether the Leases' terms were fair.
- The accounting claim asks what the Leases required the Debtors to pay.
- The fraudulent-transfer claims ask whether payments made under the Leases exchanged reasonably equivalent value – a question that cannot be reached, let alone answered, without first construing contractual provisions of the Leases.

Compl. ¶¶ 158-159, 166-167, 182-185, 191-194.

These claims are pure contractual disputes, including the Sixth through Eleventh Claims[6] for Relief nominally styled as "core" fraudulent transfer claims. The fraudulent transfer claims rooted in the underlying contractual disputes should therefore also be treated as "non-core" and non-discretionary arbitration is properly compelled as to these claims. Even if determined to be "core," there is no conflict with the underlying purposes of the Bankruptcy Code as required under Ninth Circuit law and arbitration is properly compelled.

All of the causes of action in the Complaint arise out of the Leases. The Defendants therefore request the following relief:[7]

***Primarily***, an order compelling arbitration of the First, Second, Third, Thirteenth, and Fourteenth Claims for Relief;[8] and of the Fourth Claim for Relief, including to the extent it seeks

[6] The Debtors state that the Eighth Claim for Relief arises under "common law." Compl. ¶¶ 170-179. As such, the Eighth Claim for Relief should be regarded as a "non-core" claim. The Defendants do not concede that the Eighth Claim for Relief is core even though they group, out of convenience, the Eighth Claim for Relief among the Sixth through Eleventh Claims for Relief that are facially styled as "core."

[7] A proposed form of order is attached to the exhibits filed in support of the Motion as **Exhibit A**.

[8] First Claim for Relief (Declaratory Relief/Recharacterization); Second Claim for Relief (Quiet Title); Third Claim for Relief (Imposition of Equitable Mortgage); Thirteenth Claim for Relief (Accounting); Fourteenth Claim for Relief (Constructive Trust).



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

turnover of the Property or damages measured by the Lease terms (Compl. ¶ 131).[9] Further, under *Thorpe*, arbitration of the Sixth through Eleventh Claims for Relief,[10] all of which are breach of contract claims that are predicated on payments made under the Leases that require the Leases to be construed. Defendants request that the Court exercise its discretion under *Thorpe* to compel arbitration of the Sixth through Eleventh Claims for Relief, to the extent considered "core," on the grounds that there is no inherent conflict with the underlying purposes of the Bankruptcy Code. This is a two-party commercial dispute, over one parcel of real property, and one stream of lease payments, turning on the construction of contracts the parties twice agreed to arbitrate, brought against defendants who have consistently maintained that these very questions belong in a plenary forum. The alternative is duplicative litigation of a single set of facts in two forums, with a live risk of inconsistent rulings on the controlling lease issues.

***Alternatively***, if the Court declines to refer the Sixth through Eleventh Claims for Relief to arbitration, an order staying those Claims for Relief under Cal. Code Civ. Proc. § 1281.4 and the Court's inherent authority pending completion of the arbitration on the underlying lease disputes.

***In either event***, a stay of the Fifth Claim for Relief, which includes the Attorney General (as a nominal defendant), who is not a party to either Lease;[11] a stay of the Twelfth Claim for Relief, which asks this Court to enforce its own automatic stay and which Defendants do not ask to be arbitrated;[12] and a stay of this adversary proceeding in all other respects.

---

[9] Fourth Claim for Relief (Breach of Fiduciary Duty – Common Law).

[10] Sixth Claim for Relief (Fraudulent Conveyance in Violation of California Civil Code § 3439.04(a)(1) Actual Fraud); Seventh Claim for Relief (Fraudulent Conveyance in Violation of California Civil Code § 3439.04(a)(2) Constructive Fraud); Eighth Claim for Relief (Common Law Fraudulent Conveyance); Ninth Claim for Relief (Fraudulent Transfer 11 U.S.C. § 548); Tenth Claim for Relief (Avoidance of Fraudulent Transfer 11 U.S.C. § 544(b)); Eleventh Claim for Relief (Avoidance and Recovery of Post-Petition Transfer of Estate Property 11 U.S.C. §§ 549(b) and 550).

[11] Fifth Claim for Relief (Breach of Fiduciary Duty Cal. Corp. Code § 5233(c)).

[12] Twelfth Claim for Relief (Violation of the Automatic Stay 11 U.S.C. §§ 105(a) and 362(a)(3)).

***Last***, Defendants request an order staying the requirement to respond to the Complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012, for a period of twenty-eight days after completion of the arbitration.[13]

Dated: September 4, 2026 PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Teddy M. Kapur*
Richard M. Pachulski
Alan J. Kornfeld
Teddy M. Kapur

*Counsel to Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[13] *Ellison Framing, Inc. v. Zurich American Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) (approving defendant's request to stay the requirement to file an answer that when such request was filed as part of a motion to compel arbitration), citing, *Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (holding that federal courts have the inherent authority to hear pre-answer motions that are not expressly enumerated in Rule 12(b) of the Federal Rules because courts have the power to regulate actions that are closely related to the management of the lawsuit that involve matters of judicial administration).