**4**
Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
tkapur@pszjlaw.com

*Counsel to Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>Adv. Proc. No.: 26-02092<br>DCN TMK-1<br><br>Chapter 11 |
| ☒ Affects All Debtors<br>☐ Affects Oroville Hospital<br>☐ Affects ProHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession | **DECLARATION OF ROBERT J. WENTZ IN SUPPORT OF MOTION OF DEFENDANTS DOVE'S LANDING, LLC, ROBERT J. WENTZ, AND OROVILLE SPORTS CLUB, LLC TO: (1) COMPEL ARBITRATION; (2) STAY DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT; AND (3) STAY THIS ADVERSARY PROCEEDING** |
| OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM, and OROVILLE HOSPITAL,<br><br>Plaintiffs,<br>v.<br><br>DOVE'S LANDING, LLC; ROBERT J. WENTZ; OROVILLE SPORTS CLUB, LLC; and ROB BONTA, as Attorney General of California (nominal defendant),<br><br>Defendants. | Date: October 20, 2026<br>Time: 11:00 a.m.<br>Crtrm.: Courtroom 32<br>501 I Street, Suite 3-200<br>Sacramento, California 95814<br>Judge: Hon. Christopher D. Jaime |

1. I am the manager of Dove's Landing, LLC ("**Dove's Landing**") and of Oroville Sports Club, LLC ("**Sports Club**"), two of the defendants in the above-captioned adversary



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

proceeding (the "**Adversary Proceeding**"). I am also named individually as a defendant in the Adversary Proceeding. I make this declaration in support of the *Motion of Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC to: (1) Compel Arbitration; (2) Stay Defendants' Time to Respond to the Complaint; and (3) Stay This Adversary Proceeding* (the "**Motion**"). Except where stated on information and belief, I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would competently testify to them. Capitalized terms not otherwise defined in this declaration have the meanings given to them in the Motion.

2. On December 15, 2011, I executed a written lease agreement (the "**Initial Lease**") on behalf of Dove's Landing, as Lessor, with OroHealth Corporation: A Nonprofit Healthcare System ("**OroHealth**"), as Lessee. The Initial Lease was executed on OroHealth's behalf by Scott Chapple, its Chief Operating Officer. A true and correct copy of the Initial Lease is attached as Exhibit 2 to the Complaint filed in the Adversary Proceeding.

3. On January 1, 2018, I executed a written renewal lease agreement (the "**Renewal Lease**" and, together with the Initial Lease, the "**Leases**") on behalf of Dove's Landing, again with OroHealth as Lessee. A true and correct copy of the Renewal Lease is attached as Exhibit 5 to the Complaint filed in the Adversary Proceeding.

4. Section 39 of the Renewal Lease and Section 41 of the Initial Lease each provide, in substantially identical language, that "any question, dispute or controversy arising under the provisions of this Lease Agreement, at the option of Lessor, shall be determined by arbitration," conducted pursuant to the laws of the State of California and the rules of the American Arbitration Association, insofar as those rules do not conflict with California law.

5. On August 27, 2026, on behalf of Dove's Landing, I caused a written election to be served on counsel for OroHealth and Oroville Hospital (together, the "**Debtors**"), exercising Dove's Landing's option under Section 39 of the Renewal Lease and Section 41 of the Initial Lease to submit the claims identified in that election to arbitration, and requesting that Debtors stipulate to arbitration of those claims and to a stay of the Adversary Proceeding pending completion of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

arbitration. A true and correct copy of that written election is attached as **Exhibit B** to the exhibits list in support of the Motion.

6. In the written election, and by this declaration, Dove's Landing agrees – without conceding that the arbitration provisions of the Leases are anything other than fully enforceable as written – to be bound by the arbitration of any claims referred to arbitration by the Court to the same extent as the Debtors, to submit to the arbitrator's jurisdiction as to those claims, and to consent to entry of any resulting arbitration award against it.

7. I likewise agree, individually and on behalf of Sports Club, to be bound by the arbitration of any claims referred to arbitration by the Court to the same extent as the Debtors, to submit to the arbitrator's jurisdiction as to those claims, and to consent to entry of any resulting arbitration award against me and against Sports Club.

8. Following service of the written election, by letter dated September 1, 2026, counsel for the Debtors advised that the Debtors refused to consent to arbitration.

9. Neither I, nor Dove's Landing, nor Sports Club has filed an answer, counterclaim, or any other substantive pleading in the Adversary Proceeding. Defendants have served no discovery in the Adversary Proceeding and have taken none. No trial date has been set in the Adversary Proceeding.

10. On July 28, 2026, Dove's Landing filed an opposition [Docket No. 1027] to the Debtors' motion to assume the Renewal Lease under 11 U.S.C. § 365 [Docket Nos. 993, 995], in which Dove's Landing took the position that the parties' substantive contractual and other state-law rights could not be adjudicated in that summary proceeding and had to be resolved in a plenary proceeding. Dove's Landing's position throughout has been that those questions require a plenary forum – namely, the arbitration the parties twice agreed to in the Leases.

[*Remainder of Page Intentionally Left Blank*]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11. The Defendants intend to vigorously defend against the meritless claims asserted against them in the proper forum – which, as provided by both Leases, is arbitration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 4th day of September, 2026.

ROBERT J. WENTZ

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA