9

Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
tkapur@pszjlaw.com

*Counsel to Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877 |
| ☒ Affects All Debtors<br>☐ Affects Oroville Hospital<br>☐ Affects ProHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession | Adv. Proc. No.: 26-02092<br>DCN TMK-1<br><br>Chapter 11 |
| OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM, and OROVILLE HOSPITAL,<br><br>Plaintiffs,<br>v.<br><br>DOVE'S LANDING, LLC; ROBERT J. WENTZ; OROVILLE SPORTS CLUB, LLC; and ROB BONTA, as Attorney General of California (nominal defendant),<br><br>Defendants. | **EXHIBITS IN SUPPORT OF MOTION OF DEFENDANTS DOVE'S LANDING, LLC, ROBERT J. WENTZ, AND OROVILLE SPORTS CLUB, LLC TO: (1) COMPEL ARBITRATION; (2) STAY DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT; AND (3) STAY THIS ADVERSARY PROCEEDING**<br><br>Date: October 20, 2026<br>Time: 11:00 a.m.<br>Crtrm.: Courtroom 32<br>501 I Street, Suite 3-200<br>Sacramento, California 95814<br>Judge: Hon. Christopher D. Jaime |

Dove's Landing, LLC ("**Dove's Landing**"), Robert J. Wentz ("**Wentz**") and Oroville Sports Club LLC ("**Sports Club**" and, together, the "**Defendants**") in the above-referenced adversary proceeding (the "**Adversary Proceeding**") hereby submit the *Exhibits in Support of Motion of*



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC to: (1) Compel Arbitration; (2) Stay Defendants' Time to Respond to the Complaint; and (3) Stay This Adversary Proceeding.*

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Proposed Order | 3-5 |
| B | Written Election Exercising the Arbitration Provisions | 7-9 |

Dated: September 4, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Teddy M. Kapur*
Richard M. Pachulski
Alan J. Kornfeld
Teddy M. Kapur

*Counsel to Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC*

**3**

**EXHIBIT A**

Richard M. Pachulski (CA Bar No. 90073)
Alan J. Kornfeld (CA Bar No. 130063)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
tkapur@pszjlaw.com

*Counsel to Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

In re

OROVILLE HOSPITAL, *et al.*,

Debtors and Debtors in Possession.

☒ Affects All Debtors
☐ Affects Oroville Hospital
☐ Affects ProHealth Corporation: A Nonprofit Healthcare System

Debtors and Debtors in Possession

OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM, and OROVILLE HOSPITAL,

Plaintiffs,

v.

DOVE'S LANDING, LLC; ROBERT J. WENTZ; OROVILLE SPORTS CLUB, LLC; and ROB BONTA, as Attorney General of California (nominal defendant),

Defendants.

Lead Case No. 25-26876

Jointly Administered With:
Case No. 25-26877

Adv. Proc. No.: 26-02092
DCN TMK-1

Chapter 11

**PROPOSED ORDER GRANTING MOTION OF DEFENDANTS DOVE'S LANDING, LLC, ROBERT J. WENTZ, AND OROVILLE SPORTS CLUB, LLC TO: (1) COMPEL ARBITRATION; (2) STAY DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT; AND (3) STAY THIS ADVERSARY PROCEEDING**

Date: October 20, 2026
Time: 11:00 a.m.
Crtrm.: Courtroom 32
501 I Street, Suite 3-200
Sacramento, California 95814
Judge: Hon. Christopher D. Jaime

The Court, having reviewed and considered the *Motion of Defendants Dove's Landing, LLC, Robert J. Wentz, and Oroville Sports Club, LLC to: (1) Compel Arbitration; (2) Stay Defendants' Time to Respond to the Complaint; and (3) Stay This Adversary Proceeding* (the "**Motion**")[1] filed by Dove's Landing, LLC ("**Dove's Landing**"), Robert J. Wentz ("**Wentz**") and Oroville Sports Club LLC ("**Sports Club**" and, together, the "**Defendants**"), in the above-captioned adversary proceeding (the "**Adversary Proceeding**"); and this Court having jurisdiction to consider the Motion and the relief requested therein; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Memorandum of Points and Authorities, the Wentz Declaration, and the Exhibit List; and, upon the record and all the proceedings before the Court, this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED as follows:

1. The Motion is granted.

2. Arbitration, before the American Arbitration Association under its Commercial Arbitration Rules to the extent those rules do not conflict with California law, of the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth and Fourteenth Claims for Relief of the Complaint, pursuant to the arbitration provisions of the Initial Lease and the Renewal Lease, is compelled.

3. The Fifth Claim for Relief of the Complaint is stayed pending completion of the arbitration.

4. The Twelfth Claim for Relief of the Complaint is stayed pending completion of the arbitration.

5. The requirement to respond to the Complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012, is stayed for a period of twenty-eight days after completion of the arbitration.

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6. The Adversary Proceeding is stayed in all other respects pursuant to Cal. Code Civ. Proc. § 1281.4 and the Court's inherent authority.

7. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:

______________________________
Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B

**Written Election Exercising the Arbitration Provisions**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES

Teddy M. Kapur

310.772.2324
tkapur@pszjlaw.com

LOS ANGELES
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

NEW YORK
1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

WILMINGTON
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

HOUSTON
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

SAN FRANCISCO
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

August 27, 2026

**VIA EMAIL**

FOX ROTHSCHILD LLP
Keith C. Owens
kowens@foxrothschild.com
Nicholas A. Koffroth
nkoffroth@foxrothschild.com

Re: **OroHealth Corporation: A Nonprofit Healthcare System, et al. v. Dove's Landing, LLC, et al., Adv. Proc. No. 26-02092 (Bankr. E.D. Cal.) – Written Election to Arbitrate Under Section 39 of the Renewal Lease and Section 41 of the Initial Lease**

Dear Counsel:

This firm represents Dove's Landing, LLC ("**Dove's Landing**"), Robert J. Wentz ("**Wentz**"), and Oroville Sports Club, LLC ("**Sports Club**," and together with Dove's Landing and Wentz, "**Defendants**") in the above-referenced adversary proceeding (the "**Adversary Proceeding**") commenced by OroHealth Corporation: A Nonprofit Healthcare System ("**OroHealth**") and Oroville Hospital (together, "**Debtors**") by a Complaint filed August 4, 2026 (the "**Complaint**").

Section 39 of the Renewal Lease dated January 1, 2018, and Section 41 of the Initial Lease dated December 15, 2011 (together, the "**Leases**"), between OroHealth and Dove's Landing, each provide, in substantially identical language, that "any question, dispute or controversy arising under the provisions of this Lease Agreement, at the option of Lessor, shall be determined by arbitration," conducted pursuant to the laws of the State of California and the rules of the American Arbitration Association, insofar as those rules do not conflict with California law.

Pursuant to Section 39 of the Renewal Lease and Section 41 of the Initial Lease, Dove's Landing, as Lessor, hereby elects to submit the following claims asserted in the Complaint to arbitration:

PACHULSKI STANG ZIEHL & JONES



Counts 1 (Recharacterization), 2 (Quiet Title), 3 (Equitable Mortgage), 4 (Breach of Fiduciary Duty), 6 through 11 (avoidance and fraudulent transfer claims under the California Uniform Voidable Transactions Act, common law, and 11 U.S.C. §§ 544(b), 548, 549, and 550), 13 (Accounting), and 14 (Constructive Trust) (collectively, the "**Arbitrable Claims**").

In connection with this election, and without conceding that the arbitration provisions of the Leases are anything other than fully enforceable as written, Dove's Landing agrees to be bound by the arbitration of the Arbitrable Claims to the same extent as Debtors, to submit to the arbitrator's jurisdiction as to the Arbitrable Claims, and to consent to entry of any resulting arbitration award against it. Wentz and Sports Club likewise agree to be bound by the arbitration of the Arbitrable Claims to the same extent as Debtors, to submit to the arbitrator's jurisdiction as to those claims, and to consent to entry of any resulting arbitration award against them.

Demand for arbitration will be filed with the American Arbitration Association under its Commercial Arbitration Rules, to the extent those rules do not conflict with the laws of the State of California, promptly following either the parties' stipulation to arbitration or an order of the Bankruptcy Court compelling arbitration of the Arbitrable Claims, whichever occurs first.

Defendants request that Debtors stipulate to: (a) arbitration of the Arbitrable Claims; (b) a stay of the requirement to further respond to the Complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012, for a period of twenty-eight days after completion of the arbitration; and (c) a stay of the Adversary Proceeding pending completion of that arbitration. Please advise by Wednesday, September 2, 2026 whether Debtors will so stipulate. Absent agreement, Defendants intend to move the Bankruptcy Court to compel arbitration of the Arbitrable Claims and to stay the Adversary Proceeding and the response deadline.

Nothing in this letter waives, and Defendants expressly reserve, all rights, remedies, and defenses available to them, including without limitation the right to seek arbitration or a stay of any claim, count, or proceeding not identified above.

Very truly yours,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Teddy M. Kapur*

Teddy M. Kapur

Counsel to Defendants Dove's Landing, LLC,
Robert J. Wentz, and Oroville Sports Club, LLC