5

THOMAS G. MOUZES (SBN 099446)
IAN K. MCGLONE (SBN 315201)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax: 916.441.7597
Email: tmouzes@boutinjones.com
imcglone@boutinjones.com

Attorneys for TRI COUNTIES BANK

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| In re<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtor. | **Case No. 2025-26876**<br><br>Jointly Administered with:<br>**Case No. 2025-26877**<br><br>Chapter 11 |
| ☒ Affects All Debtors<br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | |
| OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM, chapter 11 Debtor and Debtor in Possession, and OROVILLE HOSPITAL, chapter 11 Debtor and Debtor in Possession,<br><br>Plaintiffs,<br><br>DOVE'S LANDING, LLC, a California limited liability company; ROBERT J. WENTZ, an individual; OROVILLE SPORTS CLUB, LLC, | **Adv. Proc. No. 2026-02092**<br><br>**DCN: BJI-1**<br><br>**TRI COUNTIES BANK'S MOTION TO INTERVENE IN ACTION**<br><br>Date: October 20, 2026<br>Time: 11:00 a.m.<br>Department: B, Crtrm 32<br>501 I Street, Suite 3-200<br>Sacramento, California 95814<br>Judge: Honorable Christopher D. Jaime |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the debtors is 2767 Olive Highway, Oroville, California, 95966.

| | |
|---|---|
| a California limited liability company; and ROB BONTA, as Attorney General of California, a nominal defendant,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## MOTION

Tri Counties Bank ("TCB" or the "Bank"), by and through its attorneys of record, Boutin Jones Inc., hereby moves this Court for an order granting TCB leave to intervene as a Defendant-Intervenor in this adversary proceeding pursuant to Federal Rule of Civil Procedure 24(a)(2), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7024. In support of this Motion, TCB respectfully represents as follows:

## I. SUMMARY OF RELIEF REQUESTED

TCB requests that the Court enter an order: (a) granting TCB leave to intervene as a Defendant-Intervenor in this adversary proceeding; and (b) permitting TCB to file its Proposed Verified Answer to the Verified Complaint filed by Plaintiffs OroHealth Corporation and Oroville Hospital (collectively, "Plaintiffs") on August 4, 2026 (ECF No. 1). TCB's intervention is particularly urgent given that Plaintiffs have also filed a Motion Regarding Arbitration (ECF No. 7), seeking to compel arbitration under a lease agreement to which TCB is not a party, further threatening TCB's ability to protect its lien interest. TCB does not seek to intervene in the arbitration, but in the adversary only.

## II. BACKGROUND

### A. The Bankruptcy Case

On December 8, 2025 (the "Petition Date"), Oroville Hospital and OroHealth Corporation: A Nonprofit Healthcare System (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California. The cases are jointly administered under Lead Case No. 25-26876.

### B. TCB's Secured Interests

TCB is a California state-chartered bank headquartered in Chico, California. TCB is a good faith encumbrancer of the property at issue in this adversary proceeding. On or about June 25, 2018, TCB extended a commercial loan to Dove's Landing, LLC ("Dove's Landing") in the original

principal amount of $4,500,000.00 (the "Dove's Landing Loan"), evidenced by a Promissory Note dated June 25, 2018. The Dove's Landing Loan is secured by a Deed of Trust recorded July 5, 2018 in the Official Records of Butte County, California, encumbering items including the real property commonly known as 2450 Oro Dam Boulevard East, Oroville, California 95966 (APN 013-170-073) (the "Property"). The loan is further supported by a Business Loan Agreement dated June 25, 2018, a Change in Terms Agreement dated May 27, 2021, a Commercial Security Agreement, and three personal guaranties executed by Robert Wentz, Phyllis Jean Ching, and Venu Kondle, each in the amount of $4,500,000.00.

**C. The Adversary Proceeding**

On August 4, 2026, Plaintiffs initiated this adversary proceeding by filing the Verified Complaint (ECF No. 1), asserting fourteen causes of action against Dove's Landing, Robert J. Wentz, Oroville Sports Club, LLC, and Rob Bonta (Attorney General of California, as nominal defendant). Among other things, the Verified Complaint seeks: (i) declaratory relief and recharacterization of the lease transactions between Plaintiffs and Dove's Landing as a disguised financing arrangement (First Cause of Action); (ii) to quiet title to the Property in the name of Oroville Hospital (Second Cause of Action); (iii) the imposition of an equitable mortgage on the Property (Third Cause of Action); and (iv) the imposition of a constructive trust over the Property (Fourteenth Cause of Action). The Verified Complaint also asserts claims for breach of fiduciary duty, fraudulent conveyance, avoidance of post-petition transfers, violation of the automatic stay, and accounting.

TCB was not named as a defendant in the Verified Complaint, despite the fact that TCB holds a known recorded first priority Deed of Trust on the very Property that is the subject of the quiet title and related claims.

Additionally, the main Defendants have filed a Motion Regarding Arbitration in connection with this adversary proceeding (ECF No. 7), seeking to compel arbitration under a lease agreement attached to the Verified Complaint. TCB is not a party to the lease agreement or the arbitration agreement contained therein. If the Court were to compel arbitration, without first bifurcating, staying, and excluding from arbitration the issues related to TCB and its first priority Deed of Trust against the Property, TCB's interest in the Property could be directly and materially impaired, subordinated, or

extinguished. TCB does not seek to intervene in the arbitration, but in the adversary proceeding only.

**D. TCB's Interest in This Adversary Proceeding**

If the Court were to grant the quiet title relief sought by Plaintiffs, or recharacterize the lease transactions and impose an equitable mortgage or constructive trust on the Property, such relief could directly and materially impair, subordinate, or extinguish TCB's recorded Deed of Trust lien on the Property. Additionally, if the Court were to compel arbitration under the lease agreement to which TCB is not a party, TCB would be excluded from those proceedings and would not agree to arbitrate its interests under an agreement for which it did not bargain, further impairing its ability to protect its Deed of Trust interest. TCB is a necessary party to any quiet title determination affecting the Property. No existing party to this action has the same motivation or legal obligation to protect TCB's independent secured lien interest.

## III. LEGAL BASIS FOR INTERVENTION

TCB is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7024.

Rule 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The analysis of intervention in an adversary proceeding in a bankruptcy case "is no different than the analysis of intervention in an ordinary federal civil action." *Sundquist v. Bank of Am., N.A. (In re Sundquist)*, 570 B.R. 92, 96 (Bankr. E.D. Cal. 2017) (citing *Bustos v. Molasky*, 843 F.3d 1179, 1184 n.4 (9th Cir. 2016)).

To intervene as of right, a movant must demonstrate: (1) timeliness; (2) a significantly protectable interest relating to the property or transaction at issue; (3) that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) that the movant's interest is not adequately represented by the existing parties. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011); *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). These requirements "are broadly interpreted in favor of intervention." *Prete*, 438 F.3d

at 954 (citation omitted). Courts are "guided primarily by practical considerations, not technical distinctions." *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted).

TCB easily satisfies each element. California law required Plaintiffs to name TCB as a defendant to the Verified Complaint seeking to quiet title to the Property on which TCB has a recorded Deed of Trust. Cal. Civ. Proc. Code § 762.060(b); *Tsasu LLC v. U.S. Bank Tr., N.A.*, 62 Cal. App. 5th 704, 716 (2021). A detailed analysis is set forth in the Memorandum of Points and Authorities filed concurrently herewith and incorporated by reference.

## IV. COMPLIANCE WITH RULE 24(c)

Pursuant to Federal Rule of Civil Procedure 24(c) and Federal Rule of Bankruptcy Procedure 7024, TCB has attached a Proposed Verified Answer setting out its defenses to the Verified Complaint. TCB's Proposed Verified Answer is submitted concurrently with this Motion. (McGlone Decl., ¶ 7, Ex. C.)

## V. RELIEF REQUESTED

WHEREFORE, TCB respectfully requests that this Court:

1. Grant TCB's Motion to Intervene and permit TCB to intervene as a Defendant-Intervenor in this adversary proceeding;
2. Permit TCB to file its Proposed Verified Answer to the Complaint;
3. Direct all parties to serve TCB's counsel with all pleadings, motions, notices, and other filings in this adversary proceeding;
4. Bifurcate, stay, and exclude from arbitration all issues involving TCB and its first priority Deed of Trust against the Property, in the event that the Court grants the pending Motion Regarding Arbitration; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted.

DATED: September 22, 2026.

BOUTIN JONES INC.
Attorneys at Law

By: */s/ Thomas G. Mouzes*
THOMAS G. MOUZES
IAN K. MCGLONE
Attorneys for Tri Counties Bank