THOMAS G. MOUZES (SBN 099446)
IAN K. MCGLONE (SBN 315201)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax: 916.441.7597
Email: tmouzes@boutinjones.com
imcglone@boutinjones.com

Attorneys for TRI COUNTIES BANK

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| In re<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtor. | **Case No. 2025-26876**<br><br>Jointly Administered with:<br>**Case No. 2025-26877**<br><br>Chapter 11 |
| ☒ Affects All Debtors<br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | |
| OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM, chapter 11 Debtor and Debtor in Possession, and OROVILLE HOSPITAL, chapter 11 Debtor and Debtor in Possession,<br><br>Plaintiffs,<br><br>DOVE'S LANDING, LLC, a California limited liability company; ROBERT J. WENTZ, an individual; OROVILLE SPORTS CLUB, LLC, | **Adv. Proc. No. 2026-02092**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRI COUNTIES BANK'S MOTION TO INTERVENE IN ACTION**<br><br>Date: October 20, 2026<br>Time: 11:00 a.m.<br>Department: B, Crtrm 32<br>501 I Street, Suite 3-200<br>Sacramento, California 95814<br>Judge: Honorable Christopher D. Jaime |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the debtors is 2767 Olive Highway, Oroville, California, 95966.

| | |
|---|---|
| a California limited liability company; and ROB BONTA, as Attorney General of California, a nominal defendant,<br><br>Defendants. | ) ) ) ) ) ) ) |

Tri Counties Bank ("Movant" or "TCB") submits this Memorandum of Points and Authorities in support of its Motion to Intervene in Action ("Motion").

## I. INTRODUCTION

TCB respectfully moves this Court for leave to intervene as a defendant-intervenor in this adversary proceeding pursuant to Federal Rule of Civil Procedure 24(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7024. Specifically, TCB requests that it be granted leave to file and serve the Proposed Verified Answer that has been filed concurrently with TCB's Motion.

TCB holds a recorded first priority Deed of Trust encumbering the real property commonly known as 2450 Oro Dam Boulevard East, Oroville, California 95966 (the "Property"), which secures a $4,500,000.00 commercial loan extended by TCB to Dove's Landing, LLC ("Dove's Landing"). TCB is also a creditor of Oroville Hospital, one of the Debtors in this jointly administered Chapter 11 case. The Verified Complaint filed by Plaintiffs OroHealth Corporation and Oroville Hospital (collectively, "Plaintiffs") on August 4, 2026 (ECF No. 1) seeks, among other things, to quiet title to the Property and to recharacterize the lease transactions between Plaintiffs and Dove's Landing as a disguised financing arrangement. If granted, this relief would directly and materially impair TCB's first priority Deed of Trust and its security interest in the Property. Under California law, Plaintiffs were required to name TCB as a defendant to the Verified Complaint. Cal. Civ. Proc. Code § 762.060(b).

TCB was not named as a defendant in the Verified Complaint, despite the fact that TCB holds a known recorded first priority Deed of Trust on the very Property that is the subject of the quiet title and related claims. No existing party to this action can or will adequately protect TCB's independent lien interest. Accordingly, TCB seeks leave to intervene and to file its Proposed Verified Answer.

///

Additionally, Defendants, excluding the Attorney General, have filed a Motion Regarding Arbitration seeking to compel arbitration under a lease agreement to which TCB is not a party, further threatening TCB's ability to protect its lien interest. TCB does not seek to intervene in the arbitration, but in the adversary proceeding only. If the Court were to compel arbitration, without first bifurcating, staying, and excluding from arbitration the issues related to TCB and its first priority Deed of Trust against the Property, TCB's interest in the Property could be directly and materially impaired, subordinated, or extinguished.

As such, the only fair way to protect TCB's interests is to allow TCB to file an answer and then bifurcate and stay proceedings in this adversary proceeding as to TCB, should the Court otherwise grant the Motion Regarding Arbitration.

## II. STATEMENT OF FACTS

On December 8, 2025 (the "Petition Date"), Oroville Hospital and OroHealth Corporation filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court. The cases are jointly administered under Lead Case No. 25-26876.

On or about June 25, 2018, TCB extended a commercial loan to Dove's Landing in the original principal amount of $4,500,000.00, evidenced by a Promissory Note dated June 25, 2018. (Declaration of Daniel D. Duarte in Support of Motion to Intervene ("Duarte Decl."), ¶ 5, Ex. 1.) The loan is secured by, among other things, a Deed of Trust recorded on July 5, 2018 in the Official Records of Butte County, California, encumbering the Property located at 2450 Oro Dam Boulevard East, Oroville, California 95966 (APN 013-170-073). (Duarte Decl. ¶ 7, Ex. 4.) The loan is further supported by a Business Loan Agreement dated June 25, 2018, a Change in Terms Agreement dated May 27, 2021, and a Commercial Security Agreement. (Duarte Decl. ¶¶ 6, 8, Exs. 2, 3, 5.) Three personal guaranties were executed in connection with the loan by Robert Wentz, Phyllis Jean Ching, and Venu Kondle, each in the amount of $4,500,000.00. (Duarte Decl. ¶ 8, Ex. 6.)

On August 4, 2026, Plaintiffs initiated this adversary proceeding by filing the Verified Complaint (ECF No. 1), naming Dove's Landing, Robert J. Wentz, Oroville Sports Club, LLC, and Rob Bonta (Attorney General of California, as nominal defendant) as defendants. (Declaration of Ian K. McGlone in Support of Motion to Intervene ("McGlone Decl."), ¶ 3, Ex. A.) The Verified

Complaint asserts fourteen claims for relief, including claims for declaratory relief/recharacterization of the lease transactions, quiet title, imposition of an equitable mortgage, breach of fiduciary duty, fraudulent conveyance, avoidance of post-petition transfers, violation of the automatic stay, accounting, and constructive trust.

Critically, the Second Claim for Relief seeks to quiet title to the Property in the name of Oroville Hospital, and the Third Claim for Relief seeks the imposition of an equitable mortgage. (McGlone Decl. ¶ 4, Ex. A.) Both claims directly implicate the validity and priority of TCB's known recorded first priority Deed of Trust on the Property. Despite this, TCB was not named as a defendant in the Verified Complaint. (*Ibid.*)

Defendants, excluding the Attorney General, have also filed a Motion Regarding Arbitration in connection with this adversary proceeding (ECF No. 7), seeking to compel arbitration related to the issues in the Verified Complaint. (McGlone Decl. ¶ 6, Ex. B.) The Verified Complaint attaches a copy of a lease agreement as an exhibit, which allegedly includes an arbitration agreement. (Duarte Decl. ¶ 10.) However, TCB is not a party to the lease agreement attached to the Verified Complaint and is therefore not a party to the arbitration agreement at issue in the Motion Regarding Arbitration. (*Id.*) To compel arbitration, without first bifurcating, staying, and excluding from arbitration, the issues related to TCB and its first priority Deed of Trust against the Property, could result in TCB's interests in the Property being directly and materially impaired, subordinated, or extinguished.

TCB does not seek to intervene in the arbitration, but in the adversary proceeding only. TCB will not participate under an arbitration agreement to which it is not a party and for which TCB did not bargain.

TCB has prepared a Proposed Verified Answer which has been filed concurrently with this Motion. (McGlone Decl., ¶ 7, Ex. C.)

## III. LAW AND ARGUMENT

### A. Legal Standard for Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7024, provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the

action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

"[T]he analysis of intervention in an adversary proceeding in a bankruptcy case is no different than the analysis of intervention in an ordinary federal civil action." *Sundquist v. Bank of Am., N.A. (In re Sundquist)*, 570 B.R. 92, 96 (Bankr. E.D. Cal. 2017) (citing *Bustos v. Molasky*, 843 F.3d 1179, 1184 n.4 (9th Cir. 2016)).

The Ninth Circuit applies a four-part test: the movant must demonstrate that (1) the motion is timely; (2) the movant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest is not adequately represented by the existing parties. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011); *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

These requirements "are broadly interpreted in favor of intervention." *Prete*, 438 F.3d at 954 (citation omitted). Courts are "guided primarily by practical considerations, not technical distinctions." *Citizens for Balanced Use*, 647 F.3d at 897 (citation omitted). "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Washington v. United States FDA*, 670 F. Supp. 3d 1150, 1154 (E.D. Wash. 2023), *aff'd in part, dismissed in part sub nom. Washington v. U.S. Food & Drug Administration*, 108 F.4th 1163 (9th Cir. 2024) (quoting *Citizens for Balanced Use*, 647 F.3d at 897).

TCB easily satisfies each element of this test.

**1. TCB's motion is timely.**

The Verified Complaint was filed on August 4, 2026, and this Motion is being filed promptly thereafter, less than two months later. No discovery has taken place, no dispositive motions have been filed, and no trial date has been set. TCB has acted diligently upon learning that the adversary proceeding directly threatens its lien interest in the Property.

///

The Court in *Sundquist* found a motion timely where the intervenors "appeared promptly" and did "nothing that could be construed as dallying." 570 B.R. at 96. Similarly, in *FDIC v. Díaz-Martínez*, 376 F. Supp. 3d 220, 224 (D.P.R. 2019), the court found a motion to intervene by a bank holding a mortgage note timely where the bank acted promptly to protect its interests, even where it failed to specify in its motion to intervene when it acquired the mortgage note at issue. In so holding, the court noted, "[t]he timeliness of a motion to intervene is 'not measured, like a statute of limitations, in terms of specific units of time, but rather derives meaning from assessment of prejudice in the context of the particular litigation.' " *Id.* at 224. Here, no party will be prejudiced by TCB's intervention at this early stage of the proceedings. Indeed, to prevent TCB's intervention would only serve to severely prejudice TCB. As explained in detail below, California law mandates that TCB be a named defendant in this case.

**2. TCB has a significant protectable interest in the Property.**

Holding a deed of trust constitutes a significant protectable interest for purposes of Rule 24(a)(2). *See FDIC v. Díaz-Martínez*, 376 F. Supp. 3d at 224 (bank holding a mortgage note had a sufficient property interest to intervene because the litigation directly impacted its secured interest); *Bouchard v. Winstar Mortg. Partners, Inc.*, Case No. 10-CV-490-JLS-WVG, 2010 WL 3168414, at *3 (S.D. Cal. Aug. 10, 2010) (an assignee claiming a beneficial interest in the deed of trust underlying a loan was sufficient to establish a "significantly protectable interest" sufficient for the purposes of Rule 24(a)(2)). TCB's lien interest is protectable under California law, which recognizes the deed of trust holder's lien interest as a property right.

As stated, among other relief, Plaintiffs seek to quiet title to the Property through their Second Claim for Relief. (Verified Complaint ¶¶ 101-113.) Under California law, in order to be entitled to a quiet title judgment, "a plaintiff must (1) file a verified complaint that specifically names 'as defendants ... [all] persons having adverse claims' to plaintiff's title and must include those 'known to the plaintiff or reasonably apparent from an inspection of the property' itself . . ." *Tsasu LLC v. U.S. Bank Tr., N.A.*, 62 Cal. App. 5th 704, 716, (2021) (citations omitted); Cal. Civ. Proc. Code § 762.060(b) ("In an action under this section, the plaintiff shall name as defendants the persons having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection

of the property.") "A quiet title judgment cannot be entered in the absence of all parties with an interest in the property at issue." *Ranch at the Falls LLC v. O'Neal*, 38 Cal. App. 5th 155, 173, (2019). Federal courts applying California law have held that when a party has an existing recorded deed of trust on the property at issue, that party is an indispensable party to the quiet title action under California law and must be named in the verified complaint. *See, e.g., Mortg. Elec. Registration Sys., Inc. v. Koeppel*, No. 5:18-CV-03443-EJD, 2020 WL 1233925, at *4 (N.D. Cal. Mar. 13, 2020), *aff'd,* No. 20-15640, 2021 WL 4317136 (9th Cir. Sept. 23, 2021) ("Defendants were therefore required to name MERS as a defendant in the quiet title action and their failure to do so renders the quiet title default judgment null and void. Cal. Civ. Proc. Code §§ 762.010, 762.060(b)."); *Mortg. Elec. Registration Sys. v. Robinson*, 45 F. Supp. 3d 1207, 1210 (C.D. Cal. 2014) (where it was undisputed that MERS' Deed of Trust was recorded and known to Defendants at the time they filed their quiet title action, Defendants were required to name MERS as a defendant in the quiet title action when it was filed).

TCB is a good faith encumbrancer of the Property at issue in the Verified Complaint. More specifically, TCB holds a recorded first priority Deed of Trust encumbering the Property, securing a $4,500,000.00 loan to Dove's Landing. (Duarte Decl. ¶ 7, Ex. 4.) However, TCB is not a named party to this action. It appears that Plaintiffs made no effort to investigate what deeds of trust are recorded on the Property before they filed the Verified Complaint.

Perhaps to ensure that all necessary defendants are named, California law provides that in quiet title actions, "[t]he court upon its own motion may, and upon motion of any party shall, make such orders as appear appropriate: (a) For joinder of such additional parties as are necessary or proper. (b) Requiring the plaintiff to procure a title report and designate a place where it shall be kept for inspection, use, and copying by the parties." Cal. Civ. Proc. Code § 762.040. If this action were brought in California state court, the court would have no discretion and would be required to join TCB as a necessary party upon a motion made under California Code of Civil Procedure section 762.040.

///

///

///

**3. The disposition of this adversary proceeding may, as a practical matter, impair or impede TCB's ability to protect its Deed of Trust interest.**

The Ninth Circuit has emphasized that impairment under Rule 24(a)(2) is evaluated pragmatically, focusing on whether the resolution of the case could practically affect the putative intervenor's rights.

> "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene...." Fed.R.Civ.P. 24 advisory committee's note; *see also Berg*, 268 F.3d at 822 ("We follow the guidance of Rule 24 advisory committee notes...."). Under similar circumstances, "[h]aving found that appellants have a significant protectable interest, [this court had] little difficulty concluding that the disposition of th[e] case may, as a practical matter, affect it." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir.2006).

*Citizens for Balanced Use*, 647 F.3d at 898.

The Verified Complaint's Second Claim for Relief seeks to quiet title to the Property in the name of Oroville Hospital. The Third Claim for Relief seeks the imposition of an equitable mortgage. The Fourteenth Claim for Relief seeks a constructive trust over the Property. If any of these claims are granted without TCB's participation, the Court's judgment could directly affect the validity, priority, or enforceability of TCB's first priority Deed of Trust – potentially subordinating or extinguishing TCB's lien. However, the Court can decide this Motion with reference to the Second Claim for Relief, alone.

As set forth above, under California law, a quiet title action requires a plaintiff to "file a verified complaint that specifically names 'as defendants ... [all] persons having adverse claims' to plaintiff's title and must include those 'known to the plaintiff or reasonably apparent from an inspection of the property' itself . . ." *Tsasu LLC*, 62 Cal. App. 5th at 716 (citing Cal. Civ. Proc. Code § 762.060, subd. (b)). TCB had a recorded and secured deed of trust on the Property at the time when Plaintiffs filed the Verified Complaint. As such TCB has clear interests that will be impaired and impeded if TCB is not allowed to intervene. This conclusion is supported by how California courts have treated similarly situated encumbrancers. Courts have set aside judgments when a party holding an interest related to a recorded deed of trust is not included as a defendant in a quiet title action. *Paterra v. Hansen*, 64 Cal. App. 5th 507, 538–39 (2021) ("we hold that because Paterra sought a determination of her rights

against the lender (Clarion) on a deed of trust, she was also required to name MERS—an indisputably known party with a known adverse claim that was integrally related to Clarion's adverse claim—as a defendant in the quiet title action. Her failure to do so rendered the quiet title default judgment against Clarion null and void.")

Moreover, Defendants, excluding the Attorney General, have filed a Motion Regarding Arbitration seeking to compel arbitration under the lease agreement attached to the Verified Complaint. (McGlone Decl. ¶ 6, Ex. B.) TCB is not a party to the lease agreement or the arbitration agreement contained therein. (Duarte Decl. ¶ 10.) TCB will not agree to arbitrate its interests under an agreement for which it did not bargain. TCB does not seek to intervene in the arbitration, but in the adversary proceeding only. If granted leave to intervene, TCB intends to request that the Court stay this matter as to TCB, or alternatively, that the Court bifurcate and exclude issues involving TCB's first priority Deed of Trust from any arbitration, should the Verified Complaint proceed to arbitration as to other parties. If the Court compels arbitration without some form of bifurcation of issues to be excluded from arbitration involving TCB and its first priority Deed of Trust against the Property, TCB's interest in the Property would likely be directly and materially impaired, subordinated, or extinguished.

**4. No existing party adequately represents TCB's interest.**

The burden to show inadequacy of representation is minimal: the movant need only demonstrate that representation "may be" inadequate. *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840 (9th Cir. 2022) (citing *Citizens for Balanced Use*, 647 F.3d at 898). "To evaluate adequacy of representation, courts consider three factors: '(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.' " *Id.* at 840-841 (citations omitted).

Here, the Plaintiffs are seeking to quiet title to the Property and recharacterize the lease transactions – relief that is directly adverse to TCB's interest. The named defendant, Dove's Landing, may share certain interests with TCB as the borrower under the loan, but Dove's Landing's interests

fundamentally diverge from TCB's. Dove's Landing faces claims of fraud, breach of fiduciary duty, and self-dealing; its defense strategy will be dictated by those allegations, not by the protection of TCB's lien. Robert Wentz, also a defendant, is alleged to have engaged in self-dealing and to have dominated the transaction. No existing party has the same motivation or legal obligation to protect TCB's secured lien interest in the Property. It is highly unlikely that there is any party to the action that will make arguments to protect TCB's interests – let alone "undoubtedly" do so. Indeed, based on the nature of the claims in the Verified Complaint, as well as Plaintiffs' and Defendants' divergent interests – which do not align with TCB's – no present party appears capable of making claims to both protect its own interests and TCB's interests in the adversary proceeding. TCB is the only party who would reliably seek to protect TCB's interests in the Property.

Furthermore, TCB is not a party to the lease agreement or the arbitration agreement at issue in the Motion Regarding Arbitration. (Duarte Decl. ¶ 10.) As explained above, TCB will not agree to arbitrate its interests under an agreement for which it did not bargain. TCB does not seek to intervene in the arbitration, but in the adversary proceeding only. If granted leave to intervene, TCB intends to request that the Court bifurcate, stay, and exclude from arbitration issues related to TCB and issues involving TCB's first priority Deed of Trust, should the Verified Complaint proceed to arbitration as to other parties. Otherwise, the issues proceed to arbitration without some form of bifurcation of issues to be excluded involving TCB and its first priority Deed of Trust against the Property, TCB's interest in the Property would likely be directly and materially impaired, subordinated, or extinguished. Without allowing TCB to intervene and seek such bifurcation, TCB's interests will be even less adequately represented than if this matter were not to proceed to arbitration at all. Arbitration is typically a confidential procedure. TCB's interests would not only be neglected with TCB's absence during such an arbitration, but also TCB would likely have no way to monitor the progress of the case and its significant interests.

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, TCB respectfully requests that this Court grant its Motion to Intervene as a Defendant-Intervenor in this adversary proceeding and permit TCB to file its Proposed Verified Answer to the Verified Complaint. California law is clear that Plaintiffs were required to name TCB as a defendant in the Verified Complaint because of TCB's Deed of Trust. Further, if the Motion Regarding Arbitration is granted, TCB respectfully requests that the Court bifurcate, stay, and exclude from arbitration all issues involving TCB and its first priority Deed of Trust against the Property.

Respectfully submitted.

DATED: September 22, 2026.

BOUTIN JONES INC.
Attorneys at Law

By: */s/ Thomas G. Mouzes*
THOMAS G. MOUZES
IAN K. MCGLONE

Attorneys for Tri Counties Bank